UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
|                                                               ) | |
|         Plaintiff,                                     ) | |
|                                                               ) | |
| v.                                                         ) | No. 4:16CR00159 AGF |
|                                                               ) | |
| LOREN ALLEN COPP,                       ) | |
|                                                               ) | |
|         Defendant.                                  ) | |

**GOVERNMENTS' RESPONSE TO DEFENDANT'S MOTION TO QUASH A SEARCH WARRANT WHICH AUTHORIZES PHOTOS OF DEFENDANT'S BODY**

COMES NOW the United States of America, by and through Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Jennifer A. Winfield, Assistant United States Attorney for said District, and respectfully responds to the defendant's motion to quash a search warrant in this matter. In support of the government's motion, the government states the following:

1. On May 10, 2016, the government obtained a search warrant authorizing agents to take photographs of defendant Copp's hands, feet/toes, and nude genitals, abdomen and pubic area under cause number 4:16MJ00103DDN. (Exh. A)

2. On May 10, 2016, the government informed defense counsel of its intent to have defendant Copp transported to the U.S. Marshal's office located inside the Eagleton Courthouse to take the aforementioned and authorized photos on May 16th at 9am. Defense counsel was invited to be present when the photos were taken.

3. On May 13, 2016, the defendant filed a Motion to Quash the aforementioned search warrant.

4. The search warrant in the instant matter is valid and will be executed in a reasonable manner, as the Fourth Amendment to the United States Constitution requires. Hummel–Jones v. Strope, 25 F.3d 647, 653 (8th Cir.1994).

5. The test for whether the execution of a search warrant is reasonable is an objective one that ignores the subjective intent of the officers. Lykken v. Brady, 622 F.3d 925, 930 (8th Cir.2010) (analyzing claim under 42 U.S.C. § 1983 that officers violated the Fourth Amendment by executing a search warrant over four days on the plaintiffs' farm).

6. The "test of reasonableness ... is not capable of precise definition or mechanical application," and "[i]n each case it requires a balancing of the need for the particular search against the invasion of personal rights the search entails." Bell v. Wolfish, 441 U.S. 520, 559, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Id.

7. Now, a District Court in the 8th Circuit has recently ruled that the government was permitted to obtain the type of pictures authorized by the search warrant in the instant matter. More specifically, in the case of U.S. v. Merrill, the defendant challenged the validity of a search warrant which authorized photographs to be taken of a defendant's hands, where the agents manipulated the defendant's hands during the execution of the search warrant to mimic the position of the hand depicted in images of child pornography that the defendant was suspected of producing. In that matter the District Court held that the need for obtaining useful photographs pursuant to the search warrant outweighed the intrusion on the defendant's personal rights. United States v. Merrill, 88 F.Supp.3d 1017, 1031-1032 (D.Minn. Feb. 20, 2015).

8. Additionally, in this matter, we have a victim who has identified defendant Copp in a photo in which she too can be seen in the image, as well as other evidence gathered during the investigation which is outlined in the attached search warrant affidavit. (Exh. A).

9. Now, although the defendant has provided the Court with case law to support his argument, none of the case law involves matters which include the production of child pornography, nor does the case law support the notion that the type of pictures authorized to be taken in the instant matter will not be useful.

10. So, as the government has kept defense counsel abreast of the instant search warrant and informed defense counsel of the scheduled execution date of the said warrant, the government intends to execute the instant search warrant in a reasonable manner in the presence of defense counsel.

11. Additionally, pursuant to FRE Rule 16, the government will provide defense counsel with copies of the photos generated from the execution of the instant search warrant.

12. Thus, as outlined in the affidavit, the instant search warrant was supported by probable cause, and it is valid search warrant which will be executed in a reasonable manner.

Wherefore, the government respectfully requests that the Defendant's Motion to Quash the instant search warrant be denied in this matter.

>Respectfully submitted,
>RICHARD G. CALLAHAN
>United States Attorney
>
>   /s/ Jennifer A. Winfield
>JENNIFER A. WINFIELD #53350MO
>Assistant United States Attorney
>111 South 10th Street, Rm. 20.333
>St. Louis, Missouri 63102
>(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record: Assistant Federal Defenders Charles Banks and Nanci McCarthy.

>   /s/ Jennifer A. Winfield
>JENNIFER A. WINFIELD #53350MO